JS 44  (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELIZABETH BARNHART

**DEFENDANTS**
QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC

**(b)** County of Residence of First Listed Plaintiff  **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                                      DOCKET NUMBER

DATE
08/06/2014

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity**.           Example:           U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2905 THUNDERHEAD ROAD, ROSLYN, PA 19001

Address of Defendant: 795 HORSHAM ROAD, HORSHAM, PA 19044

Place of Accident, Incident or Transaction: 795 HORSHAM ROAD, HORSHAM, PA 19044

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities?  Yes ☐  No ☒
RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

SIDNEY L. GOLD, ESQUIRE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 08/06/2014          /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                          Attorney-at-Law                       Attorney I.D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/06/2014          /s/ SIDNEY L. GOLD, ESQUIRE          SLG-21374
                          Attorney-at-Law                       Attorney I.D #

CIV. 609 (9/99)

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2905 THUNDERHEAD ROAD, ROSLYN, PA 19001

Address of Defendant: 795 HORSHAM ROAD, HORSHAM, PA 19044

Place of Accident, Incident or Transaction: 795 HORSHAM ROAD, HORSHAM, PA 19044

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities? Yes☐ No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐ No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 08/06/2014     /s/ SIDNEY L. GOLD, ESQUIRE     SLG-21374
                     Attorney-at-Law                 Attorney I D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/06/2014     /s/ SIDNEY L. GOLD, ESQUIRE     SLG-21374
                     Attorney-at-Law                 Attorney I.D #

CIV-609 (9/99)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

**ELIZABETH BARNHART**  :  CIVIL ACTION

v.

**QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC**  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255.  ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(e) **Standard Management -- Cases that do not fall into any one of the other tracks.**  (X)

08/06/2014  /S/SIDNEY L. GOLD, ESQUIRE

Date  Attorney-at-law

/S/SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

Wiy. 960/7195

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH BARNHART, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| vs. | : | |
| QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC | : | JURY TRIAL DEMANDED |
| *Defendants*. | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Elizabeth Barnhart ("Plaintiff"), a former employee of Defendants, Quality Systems, Inc. and NextGen Healthcare Information Systems, LLC, ("Defendants"), who has been harmed by the Defendants' discriminatory employment practices.

2. This action is brought under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §621 et seq. and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

### II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on the ADEA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III.    PARTIES:

6.      Plaintiff, Elizabeth Barnhart ("Plaintiff"), is a sixty-two (62) year old female individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2905 Thunderhead Rd., Roslyn, PA 19001.

7.      Defendants, Quality Systems, Inc. and NextGen Healthcare Information Systems, LLC ("Defendants"), are corporations duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 795 Horsham Rd., Horsham, PA 19044.

8.      At all times relevant hereto, Defendants were acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

9.      At all times material herein, the Defendants have been a "person" and "employer" as defined by the ADEA and PHRA, and have been, and are, subject to the provisions of each said Act.

10.     Upon information and belief, at all times material hereto, the Defendants employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the ADEA and PHRA.

## IV. STATEMENT OF FACTS:

12. Plaintiff, a sixty-two (62) year old individual, was employed by the Defendants from in or about July of 2006 through on or about February 12, 2013, the date of her unlawful termination.

13. During the course of her seven (7) year tenure with the Defendants, Plaintiff held the position of Technical Writer. At all times relevant hereto, Plaintiff maintained a exceptional job performance rating in said capacity.

14. On or about January 27, 2013, Mike Lovett ("Lovett"), Executive Director, informed the employees at the Defendants' Pennsylvania office that the company would be experiencing a "reduction in force."

15. On or about February 12, 2013, Sheryl Dyner ("Dyner"), Department Director, abruptly terminated Plaintiff's employment, allegedly in conjunction with the aforementioned "reduction in force," stating that her "work was no longer needed."

16. Plaintiff believes and avers that the Defendants' articulated reason for her termination was pretextual and that the Defendants actually terminated her based on her age (62).

17. In support thereof, despite the Defendants' allegation that Plaintiff's work was "no longer needed," at the time of her termination Plaintiff was directly involved with a new software update currently being developed by the Defendants.

18. In further support thereof, upon information and belief, significantly younger, less experienced, less qualified Technical Writers, including, but not limited to Lindsay Li ("Li") and Gretchen Gilbert ("Gilbert") were retained by the Defendants over Plaintiff.

19. Moreover, upon information and belief, during the alleged "reduction in force" the Defendants terminated approximately sixty (60) individuals over the age of forty (40), while retaining significantly younger, less experienced, less qualified individuals.

## COUNT I
### (ADEA - Age Discrimination)
### Plaintiff v. the Defendants

20. Plaintiff incorporates by reference paragraphs 1 through 19 of her Complaint as though fully set forth at length herein.

21. The actions of the Defendants, through its agents, servants and employees, in terminating Plaintiff's employment because of her age, constituted a violation of the ADEA.

22. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

23. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem. to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

### COUNT II
### (PHRA - Age Discrimination)
### Plaintiff v. Defendants

2. Plaintiff incorporates by reference paragraphs 1 through 23 of her Complaint as though fully set forth at length herein.

25. The actions of the Defendants, through its agents, servants and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's age in violation of the PHRA.

26. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH BARNHART, | CIVIL ACTION NO.: |
| *Plaintiff*, | |
| vs. | |
| QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC | JURY TRIAL DEMANDED |
| *Defendants*. | |

## COMPLAINT AND JURY DEMAND

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Elizabeth Barnhart ("Plaintiff"), a former employee of Defendants, Quality Systems, Inc. and NextGen Healthcare Information Systems, LLC, ("Defendants"), who has been harmed by the Defendants' discriminatory employment practices.

2.    This action is brought under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. §621 et seq. and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.    JURISDICTION AND VENUE:**

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on the ADEA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III. PARTIES:

6. Plaintiff, Elizabeth Barnhart ("Plaintiff"), is a sixty-two (62) year old female individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2905 Thunderhead Rd., Roslyn, PA 19001.

7. Defendants, Quality Systems, Inc. and NextGen Healthcare Information Systems, LLC ("Defendants"), are corporations duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 795 Horsham Rd., Horsham, PA 19044.

8. At all times relevant hereto, Defendants were acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

9. At all times material herein, the Defendants have been a "person" and "employer" as defined by the ADEA and PHRA, and have been, and are, subject to the provisions of each said Act.

10. Upon information and belief, at all times material hereto, the Defendants employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the ADEA and PHRA.

## IV. STATEMENT OF FACTS:

12. Plaintiff, a sixty-two (62) year old individual, was employed by the Defendants from in or about July of 2006 through on or about February 12, 2013, the date of her unlawful termination.

13. During the course of her seven (7) year tenure with the Defendants, Plaintiff held the position of Technical Writer. At all times relevant hereto, Plaintiff maintained a exceptional job performance rating in said capacity.

14. On or about January 27, 2013, Mike Lovett ("Lovett"), Executive Director, informed the employees at the Defendants' Pennsylvania office that the company would be experiencing a "reduction in force."

15. On or about February 12, 2013, Sheryl Dyner ("Dyner"), Department Director, abruptly terminated Plaintiff's employment, allegedly in conjunction with the aforementioned "reduction in force," stating that her "work was no longer needed."

16. Plaintiff believes and avers that the Defendants' articulated reason for her termination was pretextual and that the Defendants actually terminated her based on her age (62).

17. In support thereof, despite the Defendants' allegation that Plaintiff's work was "no longer needed," at the time of her termination Plaintiff was directly involved with a new software update currently being developed by the Defendants.

18. In further support thereof, upon information and belief, significantly younger, less experienced, less qualified Technical Writers, including, but not limited to Lindsay Li ("Li") and Gretchen Gilbert ("Gilbert") were retained by the Defendants over Plaintiff.

19. Moreover, upon information and belief, during the alleged "reduction in force" the Defendants terminated approximately sixty (60) individuals over the age of forty (40), while retaining significantly younger, less experienced, less qualified individuals.

## COUNT I
### (ADEA - Age Discrimination)
### Plaintiff v. the Defendants

20. Plaintiff incorporates by reference paragraphs 1 through 19 of her Complaint as though fully set forth at length herein.

21. The actions of the Defendants, through its agents, servants and employees, in terminating Plaintiff's employment because of her age, constituted a violation of the ADEA.

22. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

23. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem. to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
### (PHRA - Age Discrimination)
### Plaintiff v. Defendants

2. Plaintiff incorporates by reference paragraphs 1 through 23 of her Complaint as though fully set forth at length herein.

25. The actions of the Defendants, through its agents, servants and employees, as aforesaid, were discriminatory in nature and motivated by reason of Plaintiff's age in violation of the PHRA.

26. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

27. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

28. Plaintiff incorporates by reference paragraphs 1 through 27 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

b. Defendants compensate Plaintiff with an award of front pay, if appropriate;

c. Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                          **SIDNEY L. GOLD & ASSOCIATES, P.C.**
                    By:   /s/ Sidney L. Gold, Esquire
                          SIDNEY L. GOLD, ESQUIRE
                          I.D. No.:   21374
                          1835 Market Street, Suite 515
                          Philadelphia, PA 19103
                          (215) 569-1999
                          **Attorney for Plaintiff, Elizabeth Barnhart**

DATED:     August 6, 2014

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 6/29/14

*Elizabeth M. Barnhart*
ELIZABETH BARNHARDT, Plaintiff

BARNHART